IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE WARD, | CASE NO. 1:04cv6175 TAG |
| Plaintiff, | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S APPEAL FROM ADMINISTRATIVE DECISION |
| vs. | ORDER DIRECTING THE CLERK TO ENTER JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Johnnie Ward ("claimant" or "plaintiff") seeks judicial review of an administrative decision denying her claim for disability benefits under the Social Security Act ("Act"). Pending before the Court is claimant's appeal from the administrative decision of the Commissioner of Social Security ("Commissioner"). Claimant filed her complaint on August 27, 2004, and her opening brief on April 19, 2005. The Commissioner filed her opposition to the appeal on May 12, 2005. Claimant filed a reply brief on May 19, 2005.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to proceed before a United States Magistrate Judge, and, by an order dated March 31, 2005, this action was assigned to the United States Magistrate Judge for all further proceedings.

///

///

1

# JURISDICTION

On August 1, 2002, claimant filed an application for Disability Insurance Benefits ("DIB"), alleging a disability onset date of September 19, 1997, due to neck, back and knee injuries, hand numbness, diabetes, depression, fatigue, asthma, muscle spasms and panic attacks. (Administrative Record ("AR") 48-51). The application was denied initially and on reconsideration

After timely requesting a hearing, claimant appeared before Administrative Law Judge ("ALJ") James N. Baker on November 3, 2003, at which time he heard testimony solely from claimant. (AR 311-336). On January 7, 2004, the ALJ issued a decision finding that claimant was not disabled. (AR 12-18). The Appeals Council denied a request for review on June 28, 2004. (AR 4-6). The Appeal Council's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Claimant filed this action for judicial review pursuant to 42 U.S.C. § 405(g).

# STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both claimant and the Commissioner and will only be summarized here. Claimant was born on August 30, 1943, making her 60 years old on the date of the ALJ's decision. (AR 48, 18, 316). Claimant indicated that she completed the 12th grade in high school and obtained a GED in 1961. (AR 316-317, 90). Claimant testified that she is about 5'1" to 5'2" tall, weighed about 220 pounds, had a driver's license and drove a car prior to September 2001. (AR 317). She stated that she last worked in September of 1997, and her past relevant work experience consists of work as an office manager at an auto parts store as well as other office type work. (AR 85, 317-321).

She indicated at the time of the administrative hearing that she believed she was unable to work prior to September of 2001 because she had "nervous problems," anxiety attacks, complications from her diabetes, depression, and problems with her knees. (AR 323-325). She stated that she was unable to perform a treadmill test because of leg and knee pain. (AR 326). She also indicated that she had shoulder, neck and low back pain and headaches. (AR 327-328).

///

///

Claimant testified that she could only walk for a short time, like to do a bit of shopping, could stand about five to 10 minutes at a time, sit for about 15 to 20 minutes at a time, and lift and carry about five to 10 pounds. (AR 325-326). However, she stated that she did not use a cane or crutches at that time. (AR 329).

Claimant testified that her typical day consisted of getting up in the morning, reading the newspaper, watching a little television, making something to eat, washing the dishes and then planning a meal. (AR 330). She would also occasionally socialize with her family. (AR 331). She stated that five to seven days a week she would lay down for periods of 30 minutes to one hour, sometimes falling asleep. (AR 329). Claimant indicated that prior to September of 2001 she did the cooking and grocery shopping. (AR 330-331). However, she related that she had difficulty dressing herself because of the numbness in her fingers. (AR 331). Claimant indicated that she did not have any surgeries on any part of her body between 1993 and 2001. (AR 330).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that claimant is not only unable to do her previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision maker proceeds to step two, which determines whether claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c).

///

If claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents claimant from performing work she has performed in the past. If claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). If claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f). See, Bowen v. Yuckert, 482 U.S. 137 (1987).

The initial burden of proof rests upon a claimant to establish a *prima facie* case of entitlement to disability benefits. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. Kail v. Heckler, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. See, 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. See, Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985); Sanchez v. Secretary of Health & Human Services, 812 F.2d 509, 510 (9th Cir. 1987) (two consulting physicians found applicant could perform light work contrary to treating physician's findings). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." Delgado v.

4

Heckler, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  McAllister v. Sullivan, 888 F.2d 599, 601-602 (9th Cir. 1989); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting* Kornock v. Harris, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  Richardson, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  Sprague v. Bowen, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ADMINISTRATIVE FINDINGS

The ALJ found at step one that claimant has not engaged in substantial gainful activity since her alleged onset date, September 16, 1997.  (AR 14).  At step two, the ALJ specifically determined that, during the relevant time period, claimant's diabetes had only a minimal effect on her ability to perform work activity, therefore it was not a severe impairment, claimant did not have a severe impairment of degenerative disc disease, back pain or neck pain, claimant's alleged depression was not a severe impairment, claimant did not have a severe impairment of knee pain or degenerative joint disease of the knees, and there was no evidence that claimant's obesity significantly limited her ability to do basic work tasks thus it was also a non-severe impairment.  (AR 16-17).  The ALJ also

considered claimant's allegations of work-related limitations during the relevant time period, finding those allegations not entirely credible. (AR 17). Concluding that claimant did not have a single impairment or combination of impairments which would be considered severe, the ALJ held that claimant was not disabled within the meaning of the Social Security Act. (AR 17-18).

## ISSUES

Claimant contends that the Commissioner erred as a matter of law. Specifically, she argues that the ALJ erred, at step two of the sequential evaluation process, by finding that claimant did not suffer from a severe impairment on or before September 30, 2001.

This court must uphold the Commissioner's determination that claimant is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

## DISCUSSION

### Severe Impairment

Claimant asserts that the ALJ erred at step two of the sequential evaluation process by failing to find that she suffers from a severe impairment. (Court Doc. 13, pp. 3-4). Claimant essentially contends that the medical evidence of record fulfills the de minimis screening level at step two of the sequential evaluation process. (Court Doc. 13, p. 4). The Commissioner argues that the ALJ's step two determination was supported by substantial evidence in the record and that claimant failed to establish with medical evidence or findings the presence of any specific functional limitations prohibiting the performance of basic work activities. (Court Doc. 14, pp. 2-5).

The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. Claimant has the burden of proving that she has a severe impairment. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. In order to meet this burden, claimant must furnish medical and other evidence to establish that she is blind or disabled. 20 C.F.R. § 416.912(a).

///

As noted above, the ALJ determined at step two that during the relevant time period, on or before September 30, 2001, claimant did not have a single impairment or combination of impairments which would be considered severe. (AR 17). The ALJ specifically indicated that, although claimant alleges disability due to diabetes, neck and back pain, depression, and a knee injury and claimant was considered obese, these conditions were not considered "severe" impairments as defined in the Act. (AR 16-17).

Regarding claimant's diabetes, the ALJ correctly noted that the only treatment records relating directly to the condition during the relevant time period were four reports from John T. Heidrick, D.O. (AR 16, 191, 196, 201-202). The ALJ notes that after the first diagnosis of diabetes, claimant's condition was noted to have "improved significantly" within only two weeks. (AR 16, 201-202). The ALJ further indicates that after October 2000, there is little evidence of record regarding claimant's diabetes other than a July 9, 2001 report which states that claimant's diabetes presented "no specific reason for concern." (AR 16, 191, 196). Claimant's opening brief provides no argument specifically addressing claimant's diabetes. (Court Doc. 13). Based on the foregoing, the ALJ properly found that claimant's diabetes during the relevant time period had only a minimal effect on her ability to perform basic work activity and it was thus not a severe impairment within the meaning of the Act. (AR 16).

With regard to claimant's alleged back and neck pain, the ALJ noted that the record evidence, specifically MRI reports from 1993 and 1999, revealed nothing more than mild degenerative changes consistent with claimant's age. (AR 16). It was also noted that claimant did not seek treatment for back pain during the relevant time period except on two occasions in January 2000. (AR 16, 209-210). Again, claimant provides no argument in her opening brief addressing the alleged back and neck pain. Therefore, it is apparent that the ALJ did not err by finding that claimant did not have a severe impairment related to back or neck pain.

The ALJ determined that claimant's alleged depression was not a severe impairment because, during the relevant time period, only one record, a June 8, 2001 report from Dr. Heidrick, reflected that claimant had problems with depression. (AR 192). One month later, on July 9, 2001, Dr. Heidrick examined claimant and reported that her depression was "clearly better" and her depressive

7

symptoms were "well controlled." (AR 16, 191). Claimant also fails to make any mention of alleged depression in his opening brief. (Court Doc. 13). Accordingly, the ALJ correctly determined that claimant's alleged depression was not a severe impairment.

Regarding claimant's alleged knee pain, the ALJ noted that claimant did not report any complaints of knee pain to Dr. Heidrick or any of his associates in the nine subsequent examinations from October 2000 through July 2001, and that an October 8, 2001 examination showed a normal range of motion of the knees. (AR 188). The ALJ properly found that, during the relevant time period, there was no medical evidence demonstrating that claimant had any knee impairments or limitations. (AR 16). Claimant's cursory argument in her opening brief pertaining to her knee pain merely references a September 19, 2000 x-ray of the knees which "revealed the presence of mild osteoarthritic changes of the medial compartment of the right knee" and a 2002 x-ray which was "essentially the same." (Court Doc. 13, p. 4). Claimant also noted evidence of edema of the lower extremities which manifested itself with aching pain, puffiness, swelling, and irritation. (Id.). Claimant; however, fails to provide any evidence that her knee pain significantly limited her ability to do basic work activities during the relevant time period.

Finally, although claimant failed to allege work-related limitations due to her obesity during the relevant time period, and failed to mention her obesity at the hearing or argue in her opening brief that her obesity limited her significantly,[1] the ALJ discussed obesity and found that claimant's obesity was substantiated by the record evidence. (AR 17). Nevertheless, the ALJ concluded that there was no evidence in the record that claimant's obesity significantly limited her ability to do basic work activities. (AR 17). Based on the weight of the record evidence, the undersigned agrees with the ALJ. There is simply no record evidence supporting claimant's argument that she had severe limitations during the relevant time period.

///

///

---

[1] Claimant's reply brief is the only instance where claimant contends her obesity resulted in functional limitations and that the ALJ erred by failing to properly evaluate her obesity at step two of the sequential evaluation process. (Court Doc. 15). A review of the ALJ's decision reveals that the ALJ did, in fact, evaluate claimant's obesity finding that the record evidence supported a conclusion that claimant's obesity was not a severe impairment. (AR 17).

8

Based on the foregoing, it is clear that claimant has failed to meet her burden of proof, and the record does not support, the conclusion that claimant's alleged impairments significantly preclude her ability to perform work. As noted above, an impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. The undersigned thus finds that the ALJ did not err at step two of the sequential evaluation process by finding that claimant does not suffer from any "severe" impairments. (AR 16-18). The ALJ's step two determination is without error.

## **CONCLUSION**

For the reasons outlined above, the undersigned finds no error in the ALJ's analysis. As such, the Commissioner's decision to deny claimant disability benefits is supported by substantial evidence in the record as a whole and based on proper legal standards. Accordingly, this Court DENIES claimant's appeal from the administrative decision of the Commissioner of Social Security.

The clerk of this Court is DIRECTED to enter judgment as a matter of law in favor of defendant Jo Anne B. Barnhart, Commissioner of Social Security, and against claimant Johnnie Ward.

IT IS SO ORDERED.

**Dated:   September 28, 2005**          **/s/ Theresa A. Goldner**
j6eb3d                                               UNITED STATES MAGISTRATE JUDGE